UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.　　　　　　　　　　　　) <br>)<br>KYLE WOLFE,　　　　　　　　　)<br>　　Defendant　　　　　　　　　) | Case No. 5:15CR-68-01 |

**DEFENDANT'S UNCONTESTED MOTION
FOR EARLY TERMINATION FROM PROBATION
PURSUANT TO 18 U.S.C. §§ 3564(c) and 3583(e)(1)**

NOW COMES the Defendant, Kyle Wolfe, by and through his attorney, Jeffrey M. Messina, Esq., and hereby files this Uncontested Motion for Early Termination from Probation pursuant to 18 U.S.C. §§ 3564(c) and 3583(e)(1). In support of this Motion, the Defendant provides the following:

**I. Background**

On August 15, 2017, Kyle Wolfe pleaded guilty to one count of Conspiracy to Distribute Heroin in violation of 21 U.S.C. §846, 841(a)(1), 841(b)(1)(C). This Court sentenced Mr. Wolfe to Time Served, to be followed by a 42-month term of supervised release. In addition to the standard and mandatory conditions, the Court imposed several special conditions. In relevant part, the Special Conditions allow for consideration of early release from probation:

> After 18 months of supervised release the defendant is to write a letter to the Court to advise the Court of his progress. After 30 months of supervised release the defendant shall appear in Court for the Court to consider a motion for early release from supervised release.

Special Condition of Supervision, p. 5 of 7, *Judgement Order (Aug. 15, 2017)*. On August 15, 2017, after a lengthy pretrial release period, Mr. Wolfe commenced his term of supervised release.

## II. Criteria for Assessing Early Termination from Probation

A defendant may be discharged from probation early. At its discretion, the Court may terminate terms of supervised release or probation in felony cases after the expiration of one year of supervision, if the court is satisfied that such action is warranted by the conduct of the person under supervision and is in the interest of justice. 18 U.S.C. §§ 3564(c) & 3583(e)(1). Additionally, the Judicial Conference has elaborated on 18 U.S.C. § 3583(e)(1)'s statutory criteria and recommended that the United States Probation Office and courts evaluate certain factors depending on how long the defendant has been on supervised release when requesting early termination. *Guide to Judiciary Policy*, Vol. 8 (Probation and Pretrial Services, Part E (Post-Conviction Supervision), § 360.20(b)-(c) (July 2, 2018).

There is a presumption in favor of recommending early termination after 18 months of supervision for a defendant who meets certain criteria:

> (1) The person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) or has not committed a sex offense or engaged in terrorism;
>
> (2) The person presents no identified risk of harm to the public or victims;
>
> (3) The person is free from any court-reported violations over a 12-month period;
>
> (4) The person demonstrates the ability to lawfully self-manage beyond the period of supervision;
>
> (5) The person is in substantial compliance with all conditions of supervision; and

> (6) The person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

*Id.* § 360.20(c)(1)-(6)

### III. Factors That Support Early Termination from Probation

Pursuant to the August 15, 2017 Judgement and Sentencing Order, this matter is ripe for consideration for early termination of supervised release because more than 30 months have passed since Mr. Wolfe began his supervision. In addition, both the United States Probation Office and the U.S. Attorneys' Office support Mr. Wolfe's early discharge.

In a Memorandum dated June 25, 2020, Mr. Wolfe's U.S. Probation Officer, William T. Frasure, submitted a request to this Court that Mr. Wolfe be discharged from continued supervised release. According to Officer Frasure, Mr. Wolfe has remained fully compliant with every condition imposed by the Court and United States Probation Office, and notes that he has made significant strides in his personal life. For instance, Mr. Wolfe has worked as a peer-counselor for the Vermont Foundation for Recovery (VFOR) and has earned an Associate's Degree from Vermont Community College. Notably, he is currently registered to begin full-time course-work at Castleton University this Fall semester. Indeed, the probation office is the most familiar with Mr. Wolfe's circumstances and is in the best position to assess the need for continuing supervision. Here, it concludes there is no further need for supervision.

Additionally, the undersigned has communicated with AUSA Paul Van der Graaf, who indicates the Government does not object or otherwise contest Mr. Wolf's request.

### III. Conclusion

Mr. Wolfe meets the above-noted criteria for early termination of supervised release, and the U.S. Attorneys' Office has no objection to an early discharge. Additionally, and perhaps most importantly, it is Mr. Wolfe's own Probation Officer that thinks early termination is appropriate. Therefore, based on all of the foregoing factors, Defendant Kyle Wolfe respectfully requests this Court GRANT his Motion and order an approximately eight-month early discharge from his three-and-a-half-year term of supervised release.

Dated at Essex Jct., Vermont, this 2nd day of July, 2020.

BERGERON, PARADIS & FITZPATRICK, LLP
Attorneys for Kyle Wolfe

By: _____
Jeffrey M. Messina, Esq.
34 Pearl Street
Essex Jct., VT 05452
802-879-6304
jmessina@bpflegal.com